UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Juan Francisco Eguizabal Valiente, et al.,<br><br>Plaintiff(s),<br>vs.<br><br>Loren K. Miller, et al.,<br><br>Defendant(s). | 2:24-cv-02415-JCM-MDC<br><br>**ORDER GRANTING MOTION TO AMEND COMPLAINT (ECF NO. 22)** |

Plaintiffs filed a *Motion for Leave to Amend the Complaint* ("Motion"). *ECF No. 22*. The Court GRANTS the Motion.

## I. BACKGROUND

This is an immigration case: plaintiffs seek to compel delayed government action on the processing of plaintiffs' I-765 Applications for Employment Authorization. *ECF No. 1*. Plaintiffs allege that they have the substantive right to amend their pleading once as a matter of course within twenty-one days of the filing a motion to dismiss. *See ECF No. 22 at 3, citing to F.R.C.P. 15(a)*. Plaintiffs allege that they are timely regarding amendment, but they seek leave to amend in an abundance of caution to comply with the local rules. *Id*. Defendants argue that plaintiffs have not shown good cause, that amendment is futile, and that plaintiffs did not comply with the local rule because they omitted a copy of their proposed amendment to their Motion. *ECF No. 23*. Plaintiffs attached a copy of the proposed amended complaint to their reply. *ECF No. 24-1*. It is early in the case and there is no deadline to amend pleadings.

## II. DISCUSSION

### A. Legal Standard

A party may amend its pleading once as a matter of course if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one

days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. FRCP 15 (a)(1)(B). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FRCP 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

"Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at 2 (D. Nev. Oct. 16, 2015); citing to *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

### B. Analysis

Plaintiff meets the standard for leave to amend. Plaintiffs attached a copy of the proposed amended complaint to their motion. *See ECF No. 22-1.* There is no bad faith. The plaintiff diligently and timely sought leave to amend after reviewing the motion to dismiss. There is no deadline to amend in this case as it is early in the case. The defendants will not be prejudiced by the amendment because the allegations are closely related to the claims in the operative complaint. The Court also notes that plaintiffs granted the Government three extensions to respond to the complaint (ECF Nos. 11, 16, 18) and the Government's refusal to reciprocate plaintiffs' request for an extension (*see ECF No. 20 at para. 14)* is unreasonable. The Court expects the parties to cooperate and reciprocate professional courtesies. Ruling on futility at this stage is rare, and this case is not one of the rare cases that requires a ruling on

futility. The defendants' futility arguments would be better addressed through a motion to dismiss or for summary judgment, given that the proposed allegations are reasonably related to plaintiff's original claims. While plaintiffs attached their proposed amendment to the reply instead of the Motion, the plaintiffs have met all the other requirements for leave to amend. Courts prefer to decide motions on the merits rather than on technicalities. Plaintiff has shown good cause to amend the complaint.

**IT IS ORDERED that:**

1. Plaintiff's *Motion for Leave to Amend the Complaint* (ECF No. 22) is GRANTED.

2. Plaintiff MUST file the amended complaint on the docket **within one week of this order.**

DATED: August 15, 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

3